IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Danny Rayburn Smith,                        )
                                             )
                        Plaintiff,           )        Civil Action No.8:10-cv-02265-JMC-JDA
                                             )
            vs.                              )
                                             )        **REPORT AND RECOMMENDATION**
County of Pickens; Sheriff David Stone,      )        **OF MAGISTRATE JUDGE**
Pickens County Sheriff; Dewey Smith,         )
Captain; Anderson County; Micahel            )
Sloan, Detective; Dan Rhodes;                )
Greenville County; David Hanks,              )
Detective; Larry Martin, Detective,          )
                                             )
                        Defendants.          )
_____       )

        This matter is before the Court on motions for summary judgment filed by

Defendants County of Pickens ("County of Pickens") and David Stone ("Stone") [Doc. 45];

Defendant Dan Rhodes ("Rhodes") [Doc. 91]; Defendant Dewey Smith ("Smith") [Doc. 96];

and Defendants Anderson County ("Anderson County"), Greenville County ("Greenville

County"), David Hanks ("Hanks"), and Michael Sloan ("Sloan") [Doc 116]. Also before the

Court is Plaintiff's motion for return of property. [Doc. 101.] Pursuant to the provisions of

Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.,

this magistrate judge is authorized to review all pretrial proceedings in pro see actions

raising claims under 42 U.S.C. § 1983 and submit findings and recommendations to the

District Court.

## PROCEDURAL HISTORY

        Plaintiff brought this action under 42 U.S.C. § 1983, alleging deprivation of his

constitutional rights under the Fourth and Fifth Amendments. [Doc. 29.] Plaintiff initially

filed an action in the Court of Common Pleas in Pickens County, South Carolina on or

about April 11, 2008, naming County of Pickens and Stone as defendants. [Doc. 96-2 at

2.] The action alleged violations of federal law and the United States Constitution. [*Id.* at

3.]  Blanch Wertz ("Wertz") signed the complaint as "Power of Attorney for Plaintiff."[1]  [*Id.*]

County of Pickens and Stone removed the case to federal court on May 14, 2008, and on

September 8, 2008, District Court Judge R. Bryan Harwell entered an order remanding the

case back to the Court of Common Pleas for Pickens County, South Carolina.[2]  *Smith v.*

*Pickens*, 8:08-cv-1916-RBH, Docket Entries 1, 22.  Upon remand, the Honorable Edward

W. Miller issued an order, dated March 19, 2009, dismissing the action on the ground that

Wertz lacked capacity to prosecute the action on behalf of Plaintiff.  [Doc. 96-3.]

Plaintiff initially filed the present action in the Court of Common Pleas in Pickens

County, South Carolina on August 3, 2010[3] naming County of Pickens and Stone as

defendants.  [Doc. 1-1 at 3–5; Doc. 29-2 at 3–5.]  County of Pickens and Stone filed a

Notice of Removal on August 31, 2010.  [Doc. 1.]  Plaintiff filed an Amended Complaint on

December 2, 2010, adding as defendants Martin, Smith, Anderson County, Sloan, Rhodes,

Greenville County, and Hanks.  [Doc. 29.]

## BACKGROUND

In his Amended Complaint, Plaintiff alleges that on or about April 11, 2006, he was

arrested by officers of the Pickens County Sheriff's Department on fraudulent check

charges.  [Doc. 29 at 3.]  Plaintiff subsequently pled guilty in federal court to theft of

securities charges and is presently serving time in federal prison at F.C.I. Edgefield.[4]  [*Id.*

at 2–3.] Plaintiff alleges that at about the time of his arrest, officers of Pickens County

[1] Wertz is Plaintiff's mother.  [Doc. 94-3 at 1.]

[2] The District Court's order adopted the Report and Recommendation of Magistrate Judge Bruce Howe Hendricks, which recommended remanding the case to state court because Wertz lacked standing to bring the case on behalf of Plaintiff.  *Smith v. Pickens*, 8:08-cv-1916-RBH, Docket Entry 18.

[3] *See infra* note 7 and accompanying text.

[4] Plaintiff alleges all state charges against him were dropped in January 2011, but that he was convicted in federal court for counterfeiting securities.  [Doc. 101 at 3.]

2

Sheriff's Department, Hanks, and Sloan,[5] all acting under authorization of Stone, confiscated items belonging to Plaintiff at Mel Drive and various other locations in Pickens County. [*Id.* at 3–4.] Plaintiff alleges the confiscated items were used in Plaintiff's lawful business and were not purchased or in the possession of Plaintiff through criminal means but were obtained through honest work effort.[6] [*Id.* at 4.]

Plaintiff contends that by confiscating his property, Defendants converted Plaintiff's property to their own use and violated Plaintiff's right to his property in violation of federal laws and the constitutions of the United States and South Carolina. [*Id.* at 4–5.] Plaintiff also attempts to raise a due process violation claim in his motion for return of property under Rule 41(e), alleging the sentencing judge did not properly inform him of the forfeiture at sentencing. [Doc. 101 at 5.] Consequently, Plaintiff seeks (1) a declaration that the acts and omissions of Defendants violated Plaintiff's rights under the constitution and laws of the United States; (2) a preliminary and permanent injection ordering Defendants to return Plaintiff's property and to stop threatening to bring more charges against him for trying to obtain his property; (3) compensatory damages in the amount of $75,000 against each defendant jointly and severally; (4) punitive damages in the amount of $100,000 against each defendant; (5) Plaintiff's costs of suit; and (6) any additional relief the Court deems just, proper, and equitable. [Doc. 29 at 6.]

---

[5] Plaintiff alleges Hanks is a Greenville County detective and Sloan is an Anderson County detective. [Doc. 29 at 3.]

[6] In his motion for return of property, Plaintiff alleges that officers seized property not listed on a search warrant and not identified as stolen or purchased with "wrong intention." [Doc. 101 at 2.] Plaintiff alleges "the federal government did not want the property, and refused to take action on it," except for two computers. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under

4

color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

6

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Claims Barred by Statute of Limitations**

Defendants contend Plaintiff's federal claims under § 1983 are time-barred under the applicable statute of limitations. [Doc. 45-1 at 4–5; Doc. 91-1 at 2–3; Doc. 96-1 at 4–5; Doc. 116-1 at 2.] Defendants also argue Plaintiff's conversion claim is time-barred. [*Id.*]

Because § 1983 does not specify a statute of limitations, the Supreme Court has counseled that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (footnote omitted); *see Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78, 382 (2004); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period . . . ." (citations omitted)); *see also Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) ("In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions."); *Rozar*

*v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (citations omitted) (same); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 672–73 (9th Cir. 1991) (same).  Further, "[i]f a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case." *McMorris v. Sherfield*, 2010 WL 5488905, at *3 (D.S.C. Aug. 30, 2010) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).  "In other words, for statute of limitations purposes, a suit dismissed without prejudice is treated as if it had never been filed."  *Id.*

In South Carolina, the residual statute of limitations for personal injury actions is three years.  S.C. Code Ann. § 15-3-530.  The limitations period of S.C. Code Ann. § 15-3-530 begins to run when the plaintiff "knew or by the exercise of reasonable diligence should have known that he had a cause of action."  *Gibson v. Bank of Am., N.A.*, 680 S.E.2d 778, 782 (S.C. Ct. App. 2009) (emphasis omitted).  The test is an objective one, *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.*, 386 S.E.2d 798, 800 (S.C. Ct. App. 1989) (citing *Rogers v. Efird's Exterminating Co., Inc.*, 325 S.E.2d 541, 542 (S.C. 1985)); the limitations period begins to run when "the facts and circumstances of an injury would put a person of common knowledge and experience on notice . . . that some claim against another party might exist," *Snell v. Columbia Gun Exchange, Inc.*, 278 S.E.2d 333, 334 (S.C. 1981) (per curiam).

### Section 1983 Claims

Reading Plaintiff's allegations in the light most favorable to Plaintiff, the events giving rise to his claims took place on or about April 11, 2006.  [Doc. 29 at 3.] Consequently, Plaintiff had until April 11, 2009 to file a § 1983 action concerning his claims that arose on April 11, 2006.  However, the earliest possible date on which Plaintiff filed the Complaint was August 29, 2009, the handwritten date on the Complaint, which is

presumably the date Plaintiff signed the Complaint.[7]  [Doc. 1-1 at 5; Doc. 29-2 at 5.]

Moreover, as explained above, Plaintiff's previous lawsuit, filed on April 11, 2008, had no

tolling effect on the three-year limitations period applicable to Plaintiff's § 1983 claims.

Thus, the statute of limitations began running, at the latest, on April 11, 2006 and

continued running uninterrupted by the filing and subsequent dismissal of Plaintiff's

previous lawsuit.  Therefore, the statute of limitations on Plaintiff's § 1983 claims ran on

April 11, 2009, and the claims against all defendants are time-barred.[8]

### Conversion Claim

---

[7] "Unless an action is commenced before expiration of the limitations period, the plaintiff's claim is normally barred."  *Blyth v. Marcus*, 470 S.E.2d 389, 390 (S.C. Ct. App. 1996).  In South Carolina,

> A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
>
> (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

S.C.R. Civ. P. 3(a).  Therefore, under South Carolina law, Plaintiff's action against County of Pickens and Stone was commenced on August 3, 2010, the date those two defendants were served with Plaintiff's Complaint and summons [Doc. 1 ¶ 1].

The Court notes that a more favorable—to Plaintiff—filing rule is applicable in federal court, but "once a case has been removed to federal court, it is settled that federal rather than state law govern the *future* course of proceedings," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Divers Local No. 70*, 415 U.S. 423, 437 (1974) (emphasis added).  In federal court, the Federal Rules of Civil Procedure govern the commencement of a suit for purposes of tolling the state statute of limitations applicable to § 1983 actions.  *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).  For pro se prisoner litigants bringing § 1983 claims in federal court, filing occurs when the prisoner delivers his pleading to prison authorities for forwarding to the court clerk.  *Id.* at 735–36 (extending the holding of *Houston v. Lack*, 487 U.S. 266 (1988), to § 1983 cases).  However, because Plaintiff filed this action in state court, the South Carolina Rules of Civil Procedure govern when this action was commenced.  In any event, even using the earliest arguable filing date of August 29, 2009, Plaintiff's § 1983 claims are time-barred.

[8] Plaintiff did not file a complaint against Martin, Smith, Anderson County, Sloan, Rhodes, Greenville County, and Hanks until December 2, 2010.  [Doc. 29.]

Likewise, Plaintiff's state law claim of conversion is subject to a three-year statute of limitations under S.C. Code Ann. § 15-3-530(4), which provides that a person has three years to bring "an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property." It is uncontested that as of April 11, 2006, Plaintiff knew or had notice that some claim might exist against Defendants.[9] Moreover, as with Plaintiff's § 1983 claims, Plaintiff's previous lawsuit did not toll the statute of limitations on his conversion claim. *Norris v. State*, 515 S.E.2d 523, 524–25 (S.C. 1999) (citing *Rink v. Richland Mem'l Hosp.*, 422 S.E.2d 747 (S.C. 1992)) ("In general, when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim.") Therefore, the limitations period on Plaintiff's conversion claim ran on April 11, 2009, and the claim is now time-barred.

### *Equitable Tolling*

Just as § 1983 incorporates the applicable state statute of limitations, § 1983 actions also incorporate the relevant state tolling rules. *Wilson*, 471 U.S. at 269, 269 n.17; *Lake*, 232 F.3d at 368; *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999); *see Hardin v. Straub*, 490 U.S. 536, 543–44 (1989). The South Carolina Supreme Court has held that the doctrine of equitable tolling may be applied where it is justified under the circumstances but "should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Sr. Serv. & Rehab. Ctr.*, 687 S.E. 2d 29, 33 (S.C. 2009). Further, "[t]he party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." *Id.* at 32 (citing *Ocana v. Am. Furniture Co.*,

---

[9]The Court notes Hanks provided an affidavit stating that the Greenville County Sheriff's Office have never had possession of any of the property claimed by Plaintiff. [Doc. 120-1 ¶ 9.] Similarly, Sloan provided an affidavit stating that the Anderson County Sheriff's Department was never involved with or possessed any property other than a trailer purchased from Rhodes. [Doc. 120-5.] Further, Rhodes provided an affidavit stating that he followed statutory guidelines for prosecuting Plaintiff for fraudulent check writing, and the trailer sold by Rhodes to Plaintiff was returned empty to Rhodes by the Anderson County Sheriff's Office. [Doc. 114-2 at 1.]

91 P.3d 58, 65 (N.M. 2004); 54 C.J.S. *Limitations of Actions* § 115). In *Hooper*, the court

held equitable tolling was appropriate based on the following circumstances:

> In this case, Hooper first tried to effect service upon the
> agent named by Ebenezer at the address it supplied to the
> Secretary of State. When that was unsuccessful, Hooper hired
> a private investigator, who found a personal address for the
> agent. Hooper contacted the Lexington County Sheriff's
> Department on numerous occasions and was told that service
> was being made. She was not notified until one month after
> the running of the statute of the limitations that service had
> been unsuccessful because the whereabouts of the agent
> could not be determined.
>
> Hooper finally was able to effect service after the statute
> of limitations had run, only after she exercised reasonable and
> due diligence to serve Ebenezer's agent. Under Rule 3(a)(2),
> SCRCP, even if the limitations period has run, service may still
> be effected if it is accomplished within 120 days of filing of the
> summons and complaint. Unfortunately, Hooper was
> approximately one week past the 120 days. Thus, under the
> unique circumstances of this case, we conclude it is
> appropriate to equitably toll the statute of limitations for the
> time Hooper spent in pursuit of Ebenezer's nonexistent agent.

*Id.* at 34.

Plaintiff provides no argument or evidence that would require the Court to apply

equitable tolling. Therefore, based on the above, the Court finds Plaintiff is not entitled to

equitable tolling, and Plaintiff's § 1983 claims and conversion claim are barred by the three-

year statute of limitations.

**Return of Property**

Under Rule 41(g) of the Federal Rules of Criminal Procedure, "this Court cannot

direct a person who is not a federal government agent to turn over any property." *See*

*Almon v. United States*, 302 F. Supp. 2d 575, 592 (D.S.C. 2004) (citing *United States v.*

*Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *United States v. Solis*, 108 F.3d 722, 722

(7th Cir. 1997)). Upon review of Plaintiff's pleadings, there is no indication that federal

authorities are, or were ever in possession of Plaintiff's property. Plaintiff alleges in his

motion for return of property that state officials took possession of his property [Doc. 101

at 2 (alleging that County of Pickens violated Plaintiff's Fourth Amendment rights by taking the property and violated Plaintiff's Fifth Amendment rights by disposing of the property before the state charges were dropped)], and at sentencing on his federal charges, the federal judge failed to advise Plaintiff that his property was subject to forfeiture [*Id.* at 5]. There is no evidence in the record that Plaintiff's property was subject to forfeiture under any federal statute or in any federal action brought against him.[10] Finally, Plaintiff states that the property was never in the possession of federal officials because County of Pickens disposed of the property.[11] [Doc. 101-3 at 10.] Accordingly, while Plaintiff may have a return of property remedy in state court, a remedy does not lie in this Court.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendants' motions for summary judgment [Docs. 45, 91, 96, 116] be GRANTED and judgment be entered in favor of Defendants. Further, the Court recommends that Plaintiff's motion for return of property [Doc. 101] be DENIED.

---

[10] A review of the docket in Plaintiff's criminal action, 6:6-cr-512, provides no indication that forfeiture was ever sought by the federal government. Further, Plaintiff fails to provide the court with a copy of the allegedly defective warrants or evidence that the items he claims were taken were actually removed by state officers.

[11] In his memorandum in support of his motion for return of property, Plaintiff cites *United States v. Copeman*, 458 F.3d 1070 (10th Cir. 2006), for the proposition that "[i]tems seized by state officials during the execution of a state search warrant may be ordered returned when the property has been used as evidence in a federal prosecution or is actually or constructively in the United States['s] possession." [Doc. 101-1 at 2.] In *Copeman*, the Tenth Circuit recognized that there are limited circumstances in which Rule 41(g) of the Federal Rules of Criminal Procedure may be used to petition a federal court for the return of property seized by state authorities. 458 F.3d at 1071. "'Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.'" *Id.* (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). The Tenth Circuit goes on to delineate the scope of each of these circumstances, which is not relevant to this case because Plaintiff admits that federal officials never had actual or constructive possession of the property [Doc. 101-3 at 10], and there is no indication that the state officials who seized the property were acting at the direction of federal authorities.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 29, 2011
Greenville, South Carolina