IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Danny Rayburn Smith, ) | |
| ) | C.A. No. 8:10-cv-02265-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| County of Pickens; Sheriff David Stone, ) | |
| Pickens County Sheriff; Dewey Smith, ) | |
| Captain; Anderson County; Michael ) | |
| Sloan, Detective; Dan Rhodes; ) | |
| Greenville County; David Hanks, ) | |
| Detective; Larry Martin, Detective, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 144], filed on July 29, 2011, recommending the court grant the Motions for Summary Judgment filed by Defendants County of Pickens and David Stone [Doc. 45]; Defendant Dan Rhodes [Doc. 91]; Defendant Captain Dewey Smith [Doc. 96]; and Defendants Anderson County, Greenville County, David Hanks, and Michael Sloan [Doc. 116], and judgment for Defendants be entered. The Report and Recommendation also recommends that Plaintiff's Motion for Return of Property be denied. [Doc. 101]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C.

1

§ 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc.144-1]. The court also granted Plaintiff an extension until August 22, 2011, to file objections to the Report and Recommendation. [Doc. 148]. Plaintiff timely filed objections [Doc. 152] to the Report and Recommendation.

## **DISCUSSION**

In reviewing Plaintiff's objections, the court finds that Plaintiff did not file specific objections to the Report and Recommendation. Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The court deems the following objections to be non-specific and not relevant to the issues outlined the Report and Recommendation; and therefore, they will not be addressed in this order:1) Plaintiff's mother never represented him in this matter; instead she filed a lawsuit pursuant to the advice of counsel; 2) Plaintiff's mother's attorney underwent an investigation; 3) Plaintiff attempted

to amend his complaint to correct information about his attorney not being in court and such amendment was denied by the court; 4) Plaintiff has brought another claim against Pickens County and the Sheriff of Pickens County; 5) Plaintiff's case was initially refused in federal court, but was accepted the second time

The court discerns the following objections as related to the issues addressed in the Report and Recommendation: 1) the County converting his property to its personal use because of Plaintiff's alleged failure to claim the property or prove ownership of the property, yet the County charged Plaintiff for this property ; 2) the County allowing other counties and people upon his property to remove items without his permission; 3) the County violated Plaintiff's due process rights and their own procedures by not informing Plaintiff that his property had been taken or disposed of, thereby entitling Plaintiff to compensation; 4) Plaintiff's property should have been returned upon his charges being dismissed; 5) Plaintiff was not able to have the discovery to prove his case; 6) Plaintiff did not have access to appropriate law books and was not able to receive assistance from an attorney; and, 7) Plaintiff's case was timely filed or he should have been given the benefit of equitable tolling.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation. The Report and Recommendation provides a thorough discussion on Plaintiff's primary issues in this case: the statute of limitations and the return of his alleged property in the possession of the County of Pickens. Plaintiff has presented no evidence or argument to this court as to why the statute of limitations should not apply to him or any grounds for equitable tolling of the statute of limitations. Furthermore, Plaintiff has not shown that this court has jurisdiction to address his claim to his alleged property being held by the County of Pickens since there is no allegation or proof that such property was ever in the

possession of the federal government or subject to forfeiture by the federal government.

It is therefore **ORDERED** that Defendants' Motions for Summary Judgment [Docs. 45, 91, 96 and 116] are **GRANTED** and Plaintiff's Motion to Return Property [Doc. 101] is **DENIED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
August 25, 2011

4